Lesieur v. Zimmerman.

---

F. V. LESIEUR, Respondent, v. G. E. ZIMMERMAN et al., Appellants.

**St. Louis Court of Appeals, April 23, 1901.**

Practice, Appellate: PRACTICE, TRIAL: EVIDENCE: VERDICT: PASSION: PREJUDICE. Where there is some evidence to support a verdict, and it is apparent that the verdict was not dictated by passion or prejudice, it will not be disturbed by the Appellate Court.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*J. J. Russell* for appellant.

Lesieur v. Zimmerman.

The debt sued for was for the rent of a residence for the exclusive use of one of the members of the firm. It will certainly not be contended that he was liable for this rent unless he made himself so by contract. The proof is conclusive and undisputed that this contract, sued on, was made and signed by his partner, Purcell, in the absence and without the knowledge of the defendant, and there was no contract or agreement between him and Purcell, which authorized him to bind the firm for any such purpose, and such contract was outside of the scope of the partnership business. Cayton v. Hardy, 27 Mo. 536; Runel v. Hayes, 83 Mo. 200; Stavnow v. Kenefrick, 79 App. 41; 17 Am. and Eng. Ency. of Law, (1 Ed.), p. 989.

No brief furnished for respondent.

GOODE, J.—This cause was instituted before a justice of the peace to recover the rent of a residence. The defendant Zimmerman and William Purcell were partners in the manufacture of brick. They lived at Caruthersville. When about to start a brickyard in the town of New Madrid, Zimmerman was introduced to the plaintiff and said he wanted to rent a place. Plaintiff told him he would rent him his home for a year. Zimmerman examined it and afterwards told the plaintiff the property would suit them, as it was convenient to where they would work. The plaintiff told him the terms and Zimmerman said not to rent it for he would take it and that his partner would be there in a short time. Three days afterwards Purcell arrived and he and the plaintiff made the following agreement:

"New Madrid, Mo., March 15, 1899.

"This is to certify that F. V. Lesieur, has this day leased to Messrs. Zimmerman & Purcell, for the term of one year, beginning on the twentieth day of March, 1899, his home build-

ing, including the residence, all outbuildings and garden lot, except the east room, now occupied by the said Lesieur.

"For, and in consideration of the same, Zimmerman & Purcell agree and hereby obligate themselves to pay to the said Lesieur the sum of $12 per month, payments to be made monthly.

"In testimony, etc.

"F. V. Lesieur,

"Zimmerman & Purcell."

Purcell occupied the house and Zimmerman never lived in it, nor indeed in New Madrid; he remained in Caruthersville.

The appellant claims the judgment should be reversed because the entire evidence shows the property was rented to Purcell and for himself exclusively; that Zimmerman had nothing to do with it, and that it was not a partnership affair, so that Purcell could bind him by a contract made in the firm's name to rent the house. We should be inclined to so hold, probably, if we were the triers of the fact, but are unprepared to say there was no evidence to justify the court in taking the other view, or, that it is apparent the verdict was dictated by passion or prejudice. Gannon v. Laclede Gas Light Co., 145 Mo. 502; Franke v. St. Louis, 110 Mo. 516.

The judgment must be affirmed. All concur.